UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOPEZ** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-6506** |
| **HD SUPPLY CONSTRUCTION SUPPLY, LTD.** | **SECTION: "G"(1)** |

## ORDER

Before the Court is Plaintiff Joseph Lopez's ("Plaintiff") "Motion to Remand."[1] Having considered the motion, the memoranda in support and opposition, the arguments made during oral argument, the record, and the applicable law, the Court will grant Plaintiff's motion in part and remand the case to the Civil District Court for the Parish of Orleans, State of Louisiana, and deny Plaintiff's motion in part to the extent that Plaintiff requests attorneys' fees.

## I. Background

In this action, Plaintiff alleges that he was employed by Defendant HD Supply Construction Supply, Ltd. ("Defendant") for approximately five years until his termination on June 2, 2017.[2] According to Plaintiff, he was terminated "for alleged insubordination, lack of respect for management, and refusal to complete work assignments."[3] Plaintiff alleges that he "had endured a continuous onslaught of racial discrimination, harassment, hostile work environment, and hostile conditions from his superior, Brad Jones, and co-employee, Chris Gras, which had begun in 2012 and continued unabated through his June 2, 2017 termination."[4] Plaintiff contends

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 1-1 at 2.

[3] *Id.* at 5.

[4] *Id.* at 3.

that he was terminated in retaliation after reporting these conditions to his superiors.[5]

On May 31, 2018, Plaintiff filed a Petition for Damages against Defendant in the Civil District Court for the Parish of Orleans, State of Louisiana.[6] In the petition, Plaintiff brings claims against Defendant for violating the Louisiana Whistleblower Statute, Louisiana Revised Statute § 23:967.[7] Plaintiff alleges that "as a result of Defendant's conduct, Plaintiff has suffered and continues to suffer injuries and damages for which Defendant is liable, including but not limited to: wrongful termination, retaliatory discharge, mental anguish, loss of enjoyment of life, loss of earning capacity, loss of employment opportunities, as well as other types of damages to be proved at trial."[8] Plaintiff also alleges that "[a]t the present time, Plaintiff's damages do not exceed $75,000."[9]

On July 5, 2018, Defendant removed the case to this Court, asserting that the Court has diversity jurisdiction over this matter because complete diversity of citizenship exists between the parties and the amount in controversy is in excess of $75,000.[10] In the notice of removal, Defendant asserts that Plaintiff's allegation regarding the amount in controversy should not control because it was made in bad faith as Plaintiff's annual earnings were approximately $115,000.[11]

---

[5] *Id.*

[6] *Id.* at 2.

[7] *Id.* at 6.

[8] *Id.*

[9] *Id.*

[10] Rec. Doc. 1 at 1.

[11] *Id.* at 7.

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of Motion to Remand*

In the motion to remand, Plaintiff concedes that complete diversity of citizenship exists between the parties, but Plaintiff asserts that the amount in controversy does not exceed $75,000.[12] Plaintiff argues that the amount in controversy was ambiguous at the time of removal.[13] Therefore, Plaintiff asserts that the Court should consider a post-removal affidavit, wherein Plaintiff stipulates that: (1) the amount in controversy is less than $75,000 and (2) he renounces the right to recover in excess of $75,000 in the event he is awarded above that amount in state court.[14] Plaintiff contends that other district courts in the Fifth Circuit have found that a stipulation wherein the plaintiff renounces his right to recover in excess of $75,000 is binding.[15] Accordingly, Plaintiff asserts that remand is warranted in this case and attorneys' fees should be assessed against Defendant.[16]

### B.   *Defendant's Arguments in Opposition to the Motion to Remand*

In opposition, Defendant argues that the motion to remand should be denied because it is apparent from the face of the petition and the facts in evidence at the time of removal that the amount in controversy exceeds the jurisdictional limit.[17] According to Defendant, at the time

---

[12] Rec. Doc. 10-1 at 1.

[13] *Id.* at 4.

[14] *Id.* (citing Rec. Doc. 10-2).

[15] *Id.* (citing *McGlynn v. Huston*, 693 F.Supp.2d 585, 593 (M.D. La. 2010); *Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Guidry v. Murphy Oil USA, Inc.*, No. 12-559, 2013 WL 4542433 (M.D. La. Aug. 27, 2013); *Latiolais v. Union Pacific Railroad Co.*, No. 14-2582, 2014 WL 6455595 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Aut. Ins. Co.*, No. 09-6522, 2010 WL 3070399 (E.D. La. Aug. 3, 2010)).

[16] *Id.*

[17] Rec. Doc. 19 at 1.

Plaintiff's employment was terminated, his annual earnings were approximately $115,000.[18] Defendant notes that Plaintiff does not dispute this fact in the motion to remand, but instead Plaintiff submits a post-removal declaration renouncing his right to recover in excess of $75,000 in the event he is awarded above this amount in state court.[19] However, because the amount in controversy is determined at the time of removal, Defendant asserts that the motion to remand should be denied.[20]

Defendant contends that it has met its burden of establishing that diversity jurisdiction exists and that the amount in controversy requirement is satisfied based on the face of the petition.[21] Defendant points to the petition wherein Plaintiff alleges that he is entitled to damages for "wrongful termination, retaliatory discharge, mental anguish, loss of enjoyment of life, loss of earning capacity, loss of employment opportunities, as well as other types of damages to be proved at trial."[22] Defendant cites Louisiana Revised Statute § 23:967(C)(2), which provides that damages for wrongful termination and retaliatory discharge include "compensatory damages, back pay, benefits, reinstatement, reasonable attorney fees, and court costs resulting from the reprisal."[23] Therefore, because Plaintiff was earning approximately $115,000 annually at the time of his termination, Defendant asserts that Plaintiff's damages for back pay alone are approximately $115,000.[24]

---

[18] *Id.*

[19] *Id.*

[20] *Id.* at 1–2.

[21] *Id.* at 5.

[22] *Id.* at 5–6.

[23] *Id.* at 6.

[24] *Id.*

Next, Defendant argues that Plaintiff cannot establish that he is legally certain to recover damages less than $75,000.[25] Because the amount in controversy at the time of removal was not ambiguous, but clearly exceeded $75,000, Defendant contends that Plaintiff's post-removal stipulation has no impact on diversity jurisdiction.[26] Defendant asserts that Plaintiff did not affirmatively renounce his right to accept a judgment in excess of $75,000 in his pre-removal pleadings.[27] Accordingly, Defendant argues that Plaintiff's post-removal affidavit is insufficient to deprive the Court of jurisdiction over this case and the motion to remand should be denied.[28]

### **III. Legal Standard**

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[29] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[30] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[31] The removing party bears the burden of demonstrating that federal jurisdiction exists.[32] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts

---

[25] *Id.*

[26] *Id.* at 7.

[27] *Id.*

[28] *Id.* at 10.

[29] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[30] 28 U.S.C. § 1332(a)(1).

[31] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[32] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[33] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[34]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[35] When the plaintiff alleges a figure in excess of the required amount in controversy, "that amount controls if made in good faith."[36] If the plaintiff pleads less than the jurisdictional amount, this figure will also generally control, barring removal.[37]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[38] A Louisiana plaintiff is required, however, to state "a general allegation that the claim exceeds or is less than the requisite amount" if he wishes to establish "the lack of jurisdiction of federal courts."[39] Even then, a general allegation that a plaintiff's claims are above or below the federal jurisdictional requirement is not dispositive of whether the amount in controversy requirement is met because these general allegations "will not be binding on [a plaintiff's] recovery under Louisiana law."[40] Courts treat such general allegations as stating an "indeterminate amount of

---

[33] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[34] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[35] *See Allen*, 63 F.3d at 1335.

[36] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[37] *Id.*

[38] *See* La. Code Civ. P. art. 893.

[39] *Id.*

damages."[41]

When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[42] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[43] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[44]

If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy at the time of removal.[45] If the amount in controversy is clear from the face of the complaint, post-removal affidavits reducing the amount do not deprive the district court of jurisdiction.[46]

## **IV. Analysis**

In the petition originally filed in state court, Plaintiff alleges that "[a]t the present time,

---

[40] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014) (Brown, J.) (citing *McCord v. ASI Lloyds/ASI Underwriters*, No. 13-126, 2013 WL 1196671, at *2 (E.D. La. Mar. 22, 2013) (Vance, J.)).

[41] *Id.*

[42] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[43] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[44] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[45] *Gebbia*, 233 F.3d at 883 (citing *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)).

[46] *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292)).

Plaintiff's damages do not exceed $75,000."[47] However, this general allegation that Plaintiff's claims are above or below the federal jurisdictional requirement is not dispositive of whether the amount in controversy requirement is met because it "will not be binding on [Plaintiff's] recovery under Louisiana law."[48] Therefore, Plaintiff's petition alleged an indeterminate amount of damages. In the Notice of Removal, Defendant submits evidence which it contends establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.[49] Specifically, Defendant presents evidence showing that when Plaintiff was terminated his annual earnings were approximately $115,000.[50]

In the petition, Plaintiff alleges that he is entitled to damages for "wrongful termination, retaliatory discharge, mental anguish, loss of enjoyment of life, loss of earning capacity, loss of employment opportunities, as well as other types of damages to be proved at trial."[51] Looking solely at the allegations in the petition, it is ambiguous as to whether the amount in controversy in this matter exceeds $75,000. Therefore, because the jurisdictional amount is not "facially apparent" from the petition, the Court must next consider whether Defendant has met his burden of proving, through summary judgment-type evidence, the requisite amount in controversy in this matter for purposes of diversity jurisdiction.

Defendant relies on Louisiana Revised Statute § 23:967(C)(2), which provides that damages for wrongful termination and retaliatory discharge include "compensatory damages, back

---

[47] Rec. Doc. 1-1 at 6.

[48] *Thompson*, 2014 WL 7369733, at *3.

[49] Rec. Doc. 1-3.

[50] *Id.*

[51] Rec. Doc. 1-1 at 6.

pay, benefits, reinstatement, reasonable attorney fees, and court costs resulting from the reprisal." Because Plaintiff was earning approximately $115,000 annually at the time of his termination, Defendant asserts that Plaintiff's damages for back pay alone are approximately $115,000.[52] However, Defendant presents no evidence showing that Plaintiff is seeking back pay for an entire year's salary. Furthermore, a plaintiff has a duty to mitigate his damages by seeking alternative employment.[53] Any award of backpay may be discounted by any sums that a plaintiff reasonably could have been earned, plus any sums actually earned.[54] Defendant presents no evidence regarding mitigation of damages in Plaintiff's case nor any additional evidence regarding the amount in controversy. However, during oral argument Defendant admitted that at the time of removal it knew Plaintiff was employed, although Defendant did not know whether Plaintiff was earning more than $115,000 or the effect of such mitigation at the time of removal. Accordingly, Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Because the amount in controversy was ambiguous at the time of removal, the Court may consider a post-removal stipulation to determine the amount in controversy at the time of removal.[55] Here, Plaintiff stipulates that the amount in controversy is less than $75,000, and he renounces the right to recover in excess of $75,000 in the event he is awarded above that amount in state court. The affidavit is binding because Plaintiff waives any right to accept compensation in this matter exceeding $75,000. Therefore, remand of this case to state court is appropriate.

---

[52] Rec. Doc. 19 at 6.

[53] *Goldsby v. State Dept. of Corrections*, 03-0343 (La. App. 1 Cir. 11/7/03); 861 So. 2d 236, 238.

[54] *Id.*

[55] *Gebbia*, 233 F.3d at 883.

9

Finally, Plaintiff asserts that attorneys' fees should be assessed against Defendant. When a district court remands a case, the court has the discretion to award attorneys' fees incurred as a result of removal to the non-removing party, but the court should decline to do so if the removing party had an "objectively reasonable basis for removal."[56] Here, although Defendant likely will not prevail on this motion, its arguments are not completely meritless. Therefore, Defendant had an "objectively reasonable basis" for seeking removal. Accordingly, the Court denies Plaintiff's request for attorneys' fees.

## V. Conclusion

Based on the foregoing, because the Court finds that it lacks subject matter jurisdiction in this case, remand to state court is appropriate. Further, the Court finds that Defendant asserted an objectively reasonable basis for removal; therefore, Plaintiff's request for attorneys' fees is denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[57] is **GRANTED** and this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Attorneys' Fees is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __29th__ day of August, 2018.

                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[56] *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.,* 592 F. App'x 268, 270 (5th Cir. 2014).

[57] Rec. Doc. 10.